IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  05-cv-00243-RPM-MJW

DONALD K. BORTZFIELD,

     Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

     Defendant.

ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

     This is an action for breach of an insurance contract providing underinsured motorist ("UIM") coverage.  Donald K. Bortzfield ("the plaintiff") is a citizen of the State of Kansas. State Farm Mutual Automobile Insurance Company ("State Farm") is incorporated under the laws of the State of Illinois and has its principal place of business in that State.  Diversity of citizenship, 28 U.S.C. § 1332, is alleged as the basis for federal jurisdiction.

     The plaintiff's claim against State Farm arises from a traffic accident that occurred on October 1, 1999, in Montrose County, Colorado.  On that date the plaintiff was the driver of a vehicle that was struck from behind by a vehicle operated by Guillermo Espinoza (the "tortfeasor").  The tortfeasor carried only $25,000 of liability insurance.  The tortfeasor's insurer paid that amount to the plaintiff in settlement of a claim against the tortfeasor.

     At the time of the accident the plaintiff was an insured under a policy issued by State Farm.  The State Farm policy included benefits for the acts and omissions of underinsured

motorists.  *See* C.R.S. § 10-4-609.  The plaintiff alleges that as a result of the accident he sustained severe, permanent, disfiguring and disabling injuries, that he has incurred medical bills and will incur medical bills in the future, and that such expenses exceed the tortfeasor's liability coverage.  The plaintiff claims that State Farm owes him UIM benefits and that State Farm has breached the contract of insurance by failing to pay his medical expenses.  State Farm denies that it has breached the insurance contract.  It is undisputed that $75,000 is the maximum UIM benefit available to the plaintiff under the State Farm policy because the UIM benefit was limited to $100,000 per person, and the plaintiff has already recovered $25,000 from the tortfeasor's liability carrier.

At the pretrial conference held on March 24, 2006, the court questioned whether the amount in controversy satisfies the jurisdictional limits of 28 U.S.C. § 1332(a).  The plaintiff and the defendant have submitted briefs on that issue.  Both parties cite Colorado authority as the governing law.

The plaintiff argues that for the purpose of calculating the amount in controversy, his attorney fees incurred in bringing this action are recoverable damages because State Farm unreasonably refused to pay UIM benefits.  In response, State Farm points out that the plaintiff did not allege insurance bad faith and argues that the plaintiff's attorney fees incurred in bringing this action are not recoverable under Colorado law.  State Farm states that it is willing to consent to subject matter jurisdiction, notwithstanding the fact that the plaintiff's claim for fees is untenable.

The general rule in Colorado is that attorney fees are not recoverable by the prevailing party in a tort or contract action unless the recovery of fees is authorized by a statute, contract or

court rule. *See Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 818 (Colo. 2002); *Bernhard v. Farmers Ins. Exch.*, 915 P.2d 1285, 1287 (Colo. 1996). The plaintiff does not rely on any contractual provision or statute to support his contention that he is entitled to recover the attorney fees he incurs in bringing this action. Rather, the plaintiff asserts that State Farm's bad faith conduct provides grounds for awarding fees. In *Bernhard v. Farmers Insurance Exchange,* the Colorado Supreme Court held that an insured who successfully maintained an action for bad faith breach of an insurance contract could not recover the fees incurred in bringing the bad faith action. 915 P.2d at 1287. Thus, even if the plaintiff's breach of contract claim were styled as one for insurance bad faith – which it is not – the attorney fees incurred by the plaintiff in bringing this action are not recoverable as damages in this action. The plaintiff's claim for fees does not come within any recognized exception to the general rule that each party in a contract action is required to bear its own legal expenses. *See id.* at 1287, n.3. In *Bernhard*, the court recognized that an insured may recover from his insurer those attorney fees incurred in defending a third party action which the insurer improperly refused to defend, explaining that in such a case the fees represent a specific benefit of the contract breached by the opposing party. *Id.* at 1288. The attorney fees requested by the plaintiff in this action do not fall within that category.

Federal courts are courts of limited jurisdiction, and subject matter jurisdiction cannot be conferred by consent of the parties. Dismissal of this action for lack of subject matter jurisdiction is required because the plaintiff's recovery could not exceed $75,000, exclusive of interest and costs.

Based on the foregoing, it is

ORDERED that this action is dismissed for lack of subject matter jurisdiction.

Dated: August 1, 2006

                                              BY THE COURT:

                                              s/Richard P. Matsch

                                              _____

                                              Richard P. Matsch, Senior District Judge